## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Renee Laraine Clay<br>fka Renee Phelps<br>fka Renee Marz,<br><br>Debtor | Case No. 17-14872-MER<br><br>(Chapter 13)<br><br>Honorable Judge Michael E. Romero |
| Nationstar Mortgage LLC,<br><br>v.<br><br>Renee Laraine Clay, Debtor; and<br>Adam M Goodman, Chapter 13 Trustee | |

### Stipulation to Resolve Motion for Relief from Stay and Motion for Acceptance of Stipulated Terms

Comes now, Nationstar Mortgage LLC, hereinafter "Movant" by and through its attorneys, McCarthy & Holthus, LLP, and the Debtor, by and through their attorneys and requests that this court enter an Order accepting the stipulated terms herein in resolution of the Motion for Relief from Stay, and making said terms an Order of this court:

1. Debtor is indebted to Movant pursuant to a Promissory Note Secured by a Deed of Trust of which Movant is the current holder and Movant has a valid lien on the property as described below.

2. The property (hereinafter "Property") described in the Deed of Trust and the subject of this Stipulation is:

    The Northwest 1/4 Northeast 1/4 Southwest 1/4 of Section 27, Township 7 South, Range 71 West of the 6th P.M., except the platted part thereof, and except that part lying South of the present location of County Highway No. 126 running from Pine, Colorado to its Junction with Highway No. 285 at Silver Springs, County of Jefferson, State of Colorado.

    Purported Common Address: 17634 Cnty Rd 126, Pine, CO 80470

3. Debtor has failed to make post-petition payments for 2 months and other fees and cost in the amount of $3,905.55, as follows:

    | | |
    |---|---|
    | 2 Payments (10/1/17-11/1/17) at $1,470.56 | $2,941.12 |
    | Partial Payment Suspense: | ($66.57) |
    | Bankruptcy Attorney Fees & Costs: | $1,031.00 |
    | Total: | $3,905.55 |

Debtor acknowledges that Movant has reasonably incurred post-petition attorney's fees in the protection of Movant's lien interest. Pursuant to the Deed of Trust, and other provisions, these amounts become additional debt to be paid by Debtor.

1

4. Debtor will pay the post-petition arrears of $3,905.55 as follows:
   a. Debtor will tender a payment in the amount of $1,301.85 directly to Movant on or before December 15, 2017 (the "Partial Cure Payment").
   b. If the Partial Cure Payment is timely made in full, Debtor will pay the by remaining post-petition arrears of $2,603.70 by tendering six additional payments in the amount of $433.95 each, over and above her regular monthly payment, beginning with the payment due for the month of January, 2018, and continuing each month thereafter through June, 2018. Said additional amount is to be tendered every month along with and in addition to the regular monthly mortgage payment.

5. Debtor shall make her regular monthly mortgage payments timely to Movant post-petition, or Debtor will be deemed to be in default of this Stipulation. These payments shall be made timely each month, pursuant to the terms of the Note and Deed of Trust, beginning with the payment due for the month of DECEMBER, 2017. Payments are due on the first day of each calendar month.

6. A default under this Stipulation occurs if:
   a. Debtor fail to timely pay the Partial Cure Payment as set forth in Paragraph 4(a) of this Stipulation;
   b. Debtor fails to make any of the payments that are specifically set forth in Paragraph 4(b) this Stipulation;
   c. Debtor fails to make any regular monthly payments to Movant that comes due pursuant to the terms of the Note and Deed of Trust.

7. If a default pursuant to Paragraph 6(a) occurs, Movant shall proceed as follows: Movant will file a verified Motion with the Court indicating that the Debtor has failed to comply with the terms of this Stipulation and request that Movant be granted Relief From the Automatic Stay Pursuant to Debtor's agreement under this Stipulation, said relief being effective immediately. Movant will mail copy of the verified motion to the Debtor and Debtor's counsel although Debtor agrees that said verified motion shall be granted *ex parte* without a hearing.

8. If a default pursuant to Paragraph 6(b-c) occurs, Movant shall proceed as follows: Movant will deliver written notice of default to Debtor and Debtor's counsel. No more than three default letters will be sent. Movant will charge an additional $50.00 attorney's fees for every default letter sent and Debtor hereby agrees to pay that amount. Said notice shall be deemed delivered upon placing the same in the US Mail, postage pre-paid and addressed to Debtor at the property address. Said notice will set forth the amount that the Debtor is in default. If the default is not cured within ten days of the date of such notice BY FULL PAYMENT IN CERTIFIED FUNDS, then Movant will file a verified Motion with the Court indicating that the Debtor has failed to comply with the terms of this Stipulation and request that Movant be granted Relief From the Automatic Stay Pursuant to Debtor's agreement under this Stipulation, said relief being effective immediately. Movant will mail copy of the verified motion to the Debtor and Debtor's counsel although Debtor agrees that said verified motion shall be granted *ex parte* without a hearing.

9. Conversion of this case to a case under Chapter 7 of the United States Bankruptcy Code shall be considered grounds for immediate relief from stay. If this case is converted to a Chapter 7 case, Movant shall proceed as follows: Movant will file a verified Motion with the Court indicating that the Debtor has failed to comply with the terms of this Stipulation and request that Movant be granted Relief from the Automatic Stay pursuant to Debtor's agreement under this Stipulation, said relief being effective immediately. Movant will mail copy of the verified motion to the Debtor and Debtor's counsel although Debtor(s) agree(s) that said verified motion shall be granted *ex parte* without a hearing.

10. The terms of this Stipulation are binding for the duration of this bankruptcy case.

11. If a default occurs and Movant is granted relief from stay, the 14-day stay described by FRBP 4001(a)(3) is waived as to Movant and Movant shall be exempted from further compliance with FRBP 3002.1 for this case.

12. If a default occurs and Movant is granted relief from stay, the trustee will make no further distributions toward Movant's secured claim.

13. The Stipulation will be filed electronically and may be signed in counterpart. Counsel for Movant will keep original or facsimile copies of signatures of all parties shown below on file.

WHEREFORE, the Parties request this Court to enter an Order adopting the terms of this Stipulation as an Order of the Court.

Dated: 12/15/17

Attorney for Movant:
Jennifer Cruseturner, Esq. SBN 44452
McCarthy & Holthus, LLP
7700 E. Arapahoe Road, Ste. 230
Centennial, CO 80112
Phone: 877-369-6122
Email: jcruseturner@mccarthyholthus.com

Date: 28 Nov 2017

Renee L. Clay /Debtor

Date: _____

Attorney for Debtor:
Nathaniel Thompson
1888 Sherman St., Ste., 200
Denver, CO 80203
Phone: 720-319-7049
E-mail: njtlawdenver@gmail.com

Chapter 13 Trustee
Adam M Goodman
P.O. Box 1169
Denver, CO 80201
303-830-1971